UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

DAVID PACKAN, JR.,
Plaintiff,
vs.

MARGARITAVILLE AT SEA, LLC.,
A Foreign Limited Liability Company,
Defendant.
_______________________________/

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DAVID PACKAN, JR., a Florida citizen and resident, sues Defendant, MARGARITAVILLE AT SEA, LLC., a foreign limited liability company with its principal place of business in Orange County, Florida [herein "Defendant"] and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action sounding in Admiralty wherein the Court will apply the general maritime law, the rules of which are developed by the federal courts.
2. This Court has jurisdiction over the subject matter of this action pursuant to 28 USC Sec. 1333.
3. Plaintiff, David Packan, Jr., is sui juris, over the age of 18, and at all material times has been a citizen and resident of the state of Florida.
4. Defendant, Margaritaville At Sea, LLC, is a foreign limited liability company with its principal place of business located in Orlando, Orange County, Florida.

5. At all times material, Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff, and the Defendant's principal place of business is located within this district.

6. Venue of this proceeding is proper in the Middle District of Florida because the ticket contract between the Plaintiff and Defendant contains a venue selection clause selecting the Middle District of Florida as the venue for this legal action against the Defendant.

7. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and medical records were prepared onboard the ship.

8. Plaintiff's attorney, by certified letter of March 26, 2025, gave the Defendant a timely written notice of claim which included an evidence spoliation warning.

**MARITIME NEGLIGENCE**

9. Plaintiff adopts and realleges all of the foregoing allegations, Averments 1 through 8, and further alleges as follows:

10. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/V Margaritaville At Sea Islander.

11. At all material times, including the accident date of March 14, 2025, the Plaintiff was a fare paying passenger aboard the M/V Margaritaville At Sea Islander, and in that he was lawfully present aboard the vessel which began its voyage on March 11, 2025, leaving out of the Port of Tampa.

12. On or about March 14, 2025, the vessel was located at Port Progresso, located on the coast of Mexico.

13. At about 9:00 a.m. the Plaintiff was rushing behind and following a cruise vessel employee who was personally guiding him to the exit doors of the vessel so that Plaintiff could disembark and join a shore excursion.

14. The Plaintiff was late getting to the shore excursion so that the cruise vessel employee was rushing, at an unreasonable pace, as was the Plaintiff, who was closely following and trying to keep up with the employee at time of incident.

15. The Plaintiff was following the cruise vessel employee and rushing very fast down stairs when he slipped and fell causing injury to his back.

16. There were no warning signs at place of incident instructing Plaintiff to proceed with caution down the stairs.

17. The stairs traversed by the Plaintiff at time of incident were deficient and dangerous in that:

    a. the stairs had insufficient rise and insufficient tread depth per internationally recognized safety standards, such as OSHA and IRC;

    b. The stairs were dangerously deficient by having only one handrail instead of two handrails, one on each side;

    c. The stairs were slippery in composition and failed to meet reasonable and safe standards of slip co-efficient; and,

    d. The nosing projection on the stairs was unsafe in that the metal ridge built onto the stairs was slippery and uneven.

18. The deficiencies in the stairs set forth and identified in Averment 17 created an unsafe condition for the Plaintiff as he rushed to descend the stairs.

19. The deficiencies in the stairs and stair rails set forth and identified in Averment 17 caused Plaintiff to slip and be unable to catch himself as he was falling and sustaining injuries to his person.

20. After Plaintiff fell, he was able to stand and continue to walk at a slow pace to the disembarkation point where he boarded a bus for the shore tour.

21. At 4:15 p.m. on March 14, 2025, after returning from the excursion, the Plaintiff went to the vessel's medical office complaining of severe pain to his back.

22. Plaintiff's father escorted the Plaintiff to the vessel's infirmary where he initially was seen by a nurse, and afterwards by the vessel's doctor, who examined him, observed a contusion (bruise) on the middle of Plaintiff's back, and who prescribed pain medication.

23. At all times material hereto, Defendant owed a duty to the Plaintiff and all other persons on board the M/V Margaritaville At Sea Islander to exercise as reasonable care as permitted by the circumstances to maintain its vessel, and areas controlled by Defendant in a safe condition.

24. At all times material hereto, Defendant breached its duty to the Plaintiff by failing to exercise reasonable care as permitted by the circumstances in that the Plaintiff may not have been injured if Defendant's employee had not rushed Plaintiff who was behind causing him to slip and fall.

25. At all times material hereto, Defendant breached its duty to the Plaintiff by failing to exercise reasonable care by not providing appropriately designed and placed handrails which created an unsafe condition in that Plaintiff was unable to catch himself as he slipped and fell.

26. At all times material hereto, Defendant breached its duty to the Plaintiff by failing to exercise reasonable care in that the surface of the stairs was slippery in composition and which failed to meet reasonable standards of slip coefficient.

27. At all material times, Defendant knew or should have known, in the exercise of reasonable care of the need to maintain safe practices in its employee escorting the Plaintiff to the vessel's disembarkation point while walking at an unsafe rapid pace.

28. At all material times, Defendant knew or should have known, in the exercise of reasonable care, of the need to maintain safe practices with respect to the deficiencies in the stairs as set forth in Averment 17.

29. At all material times, Defendant knew or should have known, in the exercise of reasonable care to provide stair surfaces with reasonable anti-slip properties which may have prevented the slip and fall incident in this case.

30. As a direct and proximate result of Defendant's negligence, carelessness and breach of its duty of reasonable care to the Plaintiff, Plaintiff sustained severe personal injuries and damages.

31. As a direct and proximate result of Defendant's negligence, carelessness and breach of its duty of reasonable care, the Plaintiff, DAVID PACKAN, JR., suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of

capacity for the enjoyment of life, medical and nursing care and treatment. These losses are either permanent and/or continuing in nature and the Plaintiff will suffer from the losses and impairment in the future.

WHEREFORE, Plaintiff, DAVID PACKAN, JR., demands the following relief from the Defendant:

a. Compensatory damages for (1) past, present, and future medical expenses including physical therapy; (2) permanent disability; (3) past, present, and future pain and suffering; and, (4) loss of enjoyment of life;
b. Prejudgment and post-judgment interest; and
c. Trial by jury as to all issues.

## COUNT II – NEGLIGENT FAILURE TO TRAIN

32. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Averments 1 through 8 above.

33. At all material times, Defendant owed the Plaintiff as a fare-paying passenger lawfully present aboard its vessel a duty of reasonable care, including the duty to take reasonable steps to train its employees in safe practices when escorting passengers to a vessel disembarkation point.

34. Due to a lack of training, Defendant's employee rushed the Plaintiff when hastily proceeding to the embarkation point which caused Plaintiff to slip and fall and to sustain injuries.

35. Defendant knew or should have known of its obligation to train its employees in normal and customary safety practices while guiding and walking with passengers to a disembarkation point.

36. As a direct and proximate result of the Defendant's lack of training of its employee, Plaintiff has sustained and will continue in the future to sustain the damages alleged in this complaint.

WHEREFORE, Plaintiff, DAVID PACKAN, JR., demands judgment for damages against Defendant and for such other and further relief as the Court deems just and proper in these premises, as follows:

a. Compensatory damages for (1) past, present, and future medical expenses including physical therapy; (2) permanent disability; (3) past, present, and future pain and suffering; (4) and loss of enjoyment of life;
b. Pre-judgment and post-judgment interest; and
c. Trial by jury as to all issues.

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

**VERIFICATION OF THIS COMPLAINT**

I, David Packan, Jr., the Plaintiff in this case, have carefully read Averments 1 through 36 of this complaint and state that the facts set forth herein are true and correct.

DP 6-26-25

David Packan, Jr. Date

Respectfully Submitted,

Date: 7/15/2025

/s/ Michael N. Lygnos
Michael N. Lygnos
Florida Bar No.: 613118
Law Office of Michael N. Lygnos
111 N Belcher Road, Ste. 204
Clearwater, FL 33765
Tel.: 813.928.5252
Fax: 813.727.726.9500
*Co-Counsel for the Plaintiff David Packan*
marinelaw@msn.com

/s/ Nicholas E. Karatinos
Nicholas E. Karatinos
Florida Bar No.: 0109742
Law Office of Nicholas E. Karatinos
18920 North Dale Mabry Highway, Ste. 101
Lutz, Fl 33548
Tel.: 813.345.5945
Cell: 727.580.4364
Fax: 813.670.2661
*Co-Counsel for the Plaintiff David Packan*
nicholas.karatinos@outlook.com